UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GINGER TICHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04426-TAB-SEB |
| | ) |
| CHIEF OF THE INDIANAPOLIS | ) |
| METROPOLITAN POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**I.  Introduction**

At issue is a motion to dismiss filed by Defendant Chief of Police Brian Roach of the Indianapolis Metropolitan Police Department. Plaintiff Ginger Tichy brings this action seeking declaratory and injunctive relief against enforcement of section 431-702 of the Indianapolis-Marion County Municipal Code, which is designed to prevent pedestrians from panhandling, or otherwise soliciting, from drivers at intersections. Roach moves for this Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, alternatively, based on abstention. However, the Court has subject matter jurisdiction and declines to exercise its discretion to dismiss Tichy's complaint. Therefore, the Court denies Defendant's motion to dismiss. [Filing No. 25.]

**II.  Background**

Tichy is a homeless person who relies on panhandling for income. [Filing No. 26-1, at ECF p. 124, ¶ 1.] In May 2017, the Marion Superior Court in Indianapolis, Indiana, held Tichy liable for violating section 431-702 of the Indianapolis-Marion County Municipal Code and issued a permanent injunction ordering her compliance with the ordinance. [*Id.* at ¶ 3.] Section 431-702 states:

> It shall be unlawful for a pedestrian to sit, stand or move within or upon a roadway, or a median between two (2) roadways, or within the public right-of-way not exceeding fifty (50) feet from the traveled portion of any intersection controlled by an automatic traffic signal or stop sign, for the purpose of or while engaged in (by oral or written methods): (1) Soliciting, or peddling, selling, advertising, donating, or distributing any product, property, or service, including but not limited to tickets, handbills, newspapers, or other printed material, to or from an occupant of a vehicle in the roadway; or, (2) Conversation or discourse with an occupant of a vehicle in the roadway.

Indianapolis - Marion County, Indiana Code of Ordinances § 431-702. Just six days after the Marion Superior Court issued the permanent injunction, the City asked that court to hold Tichy in contempt, which it did, for continuing to panhandle in violation of the injunction and the ordinance. [Filing No. 26-1, at ECF p. 124, ¶ 4.]

In October 2017, instead of arguing the merits of the contempt charge, Tichy requested relief from the judgment under Indiana Rule of Civil Procedure 60(B). [Filing No. 26-1.] She alleged that the permanent injunction violated her right to free expression, the Indiana Constitution, the Indiana Home Rule Act, and principles of "Due Process and fundamental fairness." [Filing No. 26-1, at ECF p. 128-29, ¶¶ 24-26, 29, 31.] In November 2017, while the state proceedings continued, Tichy filed this federal lawsuit. [Filing No. 1.] Her arguments are notably similar, but Tichy does not challenge the propriety of any state court ruling directly. Rather, she asks this Court to declare the ordinance unconstitutional and issue a prospective injunction against future enforcement. [*Id.* at ECF p. 6-7, ¶¶ 2-3.]

In January 2018, the Marion Superior Court held a hearing regarding Tichy's Rule 60(B) motion. The court determined that the ordinance is "without legal effect" because it violates principles of preemption found in the Indiana Constitution, and the Indiana Home Rule Act. [Filing No. 26-9, at ECF p. 18.] The state court issued an oral ruling because it wanted to avoid any further delays but added that a written ruling would follow. [*Id.* at ECF p. 20.] The court

noted that "the gist of [the written ruling] will be that . . . [the ordinance] is in violation, again of Article 4, sections 22 and 23, and . . . the Home Rule statute." [*Id.*] Nonetheless, Roach continued to enforce the ordinance even after the January hearing.[1]

## III. Discussion

Roach argues this Court lacks subject matter jurisdiction to hear Tichy's case, relying on the *Rooker-Feldman* doctrine. In the alternative, Roach contends that the Court should exercise its discretion and dismiss Tichy's claims under *Wilton-Brillhart* abstention doctrine. Tichy counters that her federal claim does not trigger *Rooker-Feldman* and that invoking the abstention doctrine would require overturning Supreme Court precedent, which is outside the authority of this Court. As discussed below, Roach fails to persuade the Court that dismissal is appropriate under either *Rooker-Feldman* or *Wilton-Brillhart*.

### A. The Court Has Subject Matter Jurisdiction

Roach argues this Court lacks subject matter jurisdiction because it has only original jurisdiction and cannot act as judicial review of a state court proceeding. While it is correct that the Court does not have jurisdiction to review state court proceedings, Roach's argument misses the mark. He further argues this lawsuit is inextricably intertwined with state court proceedings and that the federal and state court litigation present the same issues. However, Roach interprets *Rooker-Feldman* more broadly than both the Supreme Court and the Seventh Circuit.

The *Rooker-Feldman* doctrine represents a limitation on the subject matter jurisdiction of lower federal courts. *Arnold v. KJD Real Estate, LLC*, 752 F. 3d 700, 704 (7th Cir. 2014). This limitation is based on the principle that "Congress empowered only the Supreme Court to exercise appellate authority to reverse and modify state court judgments." *Id.* However, the

---

[1] *See* Marion Superior Court Cause Nos. 49D04-1803-OV-009558 and 49D04-1804-OV-014332.

doctrine is "narrowly confined" to only those cases where the federal plaintiff is attacking the state court judgment itself. *Id.* In other words, the essence of *Rooker-Feldman* is that the lower federal courts cannot offer judicial review of state court judgments. *Zurich Am. Ins. Co. v. Superior Court for Cal.*, 326 F.3d 816, 823 (7th Cir. 2003). But *Rooker-Feldman* does not prevent federal plaintiffs from challenging the "statute or rule governing the [state court] decision." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). In *Skinner*, the Supreme Court determined that *Rooker-Feldman* did not apply because the federal plaintiff was challenging the constitutionality of the Texas statute that the state court authoritatively applied but not the state court judgment itself. *Id.*

This Court has subject matter jurisdiction to hear Tichy's complaint because she has not requested appellate review of the state court decision. Rather, she is challenging the underlying city ordinance that she was cited for violating. Like *Skinner*, Tichy asks the Court to determine whether the law the state court authoritatively applied is constitutional. While this could have the precedential effect of altering the state court's decisions, Tichy's federal claim does not invoke the narrowly confined *Rooker-Feldman* doctrine because Tichy does not attack the state court judgment itself.

Roach next argues that the state and federal cases are inextricably intertwined and that this is precisely the type of situation *Rooker-Feldman* precludes. Roach further states that this Court cannot grant Tichy's requested relief without invalidating the state court's judgment. However, this argument fails to recognize the difference between *Rooker-Feldman*, a jurisdictional question, and preclusion doctrine.

The Seventh Circuit has retreated from the inextricably intertwined standard. The standard was set out in *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008), in

4

which the Seventh Circuit held that *Rooker-Feldman* "applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." But subsequent Seventh Circuit cases questioned the validity of that standard. *See Cervac v. Littman*, 551 B.R. 355, 362 (E.D. Ill. 2015) (collecting Seventh Circuit cases that question the inextricably intertwined standard). Recently, the Seventh Circuit has gone even further by determining that the inextricably intertwined language "should not be used as a ground of decision." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). The *Milchtein* Court further explained that if the state and federal cases are "intertwined" only in the sense that they share a "factual or legal contention that was, or could have been, presented to the state judge, then the connection concerns the rules of preclusion, which are not jurisdictional and are outside the scope of *Rooker-Feldman* doctrine." *Id.* The Court further concluded that "[t]he vital question . . . is whether the federal plaintiff seeks the alteration of a state court's judgment." *Id.* (finding *Rooker-Feldman* did not apply because the plaintiffs did not ask the Court to "alter or annul any decision by a state judge").

While the issues presented to this Court are substantially similar to those argued in state court, this fact is within the domain of preclusion and abstention doctrines, which limit duplicative litigation. Like *Milchtein*, Tichy challenges the constitutionality of the same city ordinance that the state court applied, but she does not challenge any state court judgment itself. [Filing No. 20.] At the time Tichy filed her complaint in this Court, she had requested relief from judgment in state court. She does not ask this Court to similarly relieve her of past judgments. [*Compare* Filing No. 20, at ECF p. 6-7, ¶¶ 1-5, *with* Filing No. 26-1, at ECF p. 3, ¶ 16.] Rather, she asks this Court to declare section 431-702 unconstitutional and enjoin Roach from future enforcement. Therefore, *Rooker-Feldman* is inapplicable.

**B.     The Court Declines to Exercise its Discretion to Abstain**

Roach argues that the *Wilton-Brillhart* abstention doctrine urges this Court to abstain from hearing Tichy's complaint. In support, he contends that Tichy's federal claim is declaratory and that under the Declaratory Judgment Act, federal courts may, but are not required to, declare the rights of litigants. Ultimately, the crux of Roach's argument is that the controversy between the parties can be better settled in the proceeding pending in state court because there is limited federal interest, the issues presented here are precisely the same as in state court, and principles of federalism and comity weigh heavily toward dismissal. Therefore, Roach argues, *Wilton-Brillhart* counsels abstention.

Tichy counters that this case is governed by *Wooley v. Maynard*, 430 U.S. 705 (1977), which Tichy contends expressly authorizes the type of prospective relief she requests. Additionally, though Tichy does request both declaratory and injunctive relief, she contends that her core request is injunctive. By contending that her claim is primarily injunctive, she implicitly argues against the sort of discretion Roach endorses. Furthermore, Tichy contends that her claims under the United States Constitution are stronger and that *Wilton-Brillhart* does not apply to cases governed by federal law. The Court is not convinced that *Wilton-Brillhart* does not apply. Nonetheless, weighing the relevant criteria under *Wilton-Brillhart*, the Court sides with Tichy.

Arguing *Wilton-Brillhart*'s inapplicability, Tichy first contends that the issue before the Court was already decided in *Wooley v. Maynard*, 430 U.S. 705 (1977). Roach counters that *Wooley* is inapplicable because it applied the *Younger* doctrine to a criminal conviction and not the *Wilton-Brillhart* doctrine to a finding of civil liability, as in the present case. Roach's analysis of *Wooley* is persuasive. The Supreme Court's opinion in *Wooley* is devoid of any reference to the *Wilton-Brillhart* doctrine and the state statute in *Wooley* was criminal as opposed

to civil. *Id.* Put simply, the need for federal shelter in *Wooley* was significantly heightened because it was a criminal case. By comparison, the stakes of being found liable under a city civil ordinance are much less severe, so the Court has discretion under *Wilton-Brillhart*.

Tichy also contends that the *Wilton-Brillhart* standard is inapplicable because her federal claim is primarily a request for injunctive relief. She then seems to imply that the Court should only dismiss if there are exceptional circumstances. Tichy cites no authority for the proposition that one claim can predominate the other. In fact, the Seventh Circuit follows the rule that where both declaratory and non-declaratory relief is sought, "the district court should determine whether the claims seeking non-declaratory relief are independent of the declaratory claim." *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716 (7th Cir. 2009). Whether the non-declaratory relief is independent is determined by using a two-step process. *Id.* at 716 n.6. First, the non-declaratory claim must have its own federal subject matter jurisdiction, and second, the non-declaratory relief's viability must not be wholly dependent on the success of the declaratory claim. *Id.* If the non-declaratory claim is independent, then the Court applies the exceptional circumstances test under the *Colorado River* doctrine.[2] *Id.* at 717. But if the non-declaratory claim (i.e. an injunction) is wholly dependent on the declaratory relief, then the Court maintains discretion under the *Wilton-Brillhart* doctrine. *Id.*

The Court maintains its discretion to hear Tichy's claim because the injunctive relief she seeks is wholly dependent on her request for declaratory relief. This Court has federal question subject matter jurisdiction over Tichy's request for declaratory relief because she is claiming that the ordinance violates the U.S. Constitution, and, as earlier reasoned, her claim does not run

---

[2] The *Colorado River* doctrine was set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

7

afoul of the *Rooker-Feldman* doctrine. However, without considering Tichy's contention that the ordinance is unlawful, the source of jurisdiction for her injunctive request is not clear. Furthermore, the only basis Tichy offers for the injunction is her request for declaratory relief. Thus, without granting the declaratory relief, there would be no reason for this Court to enjoin Roach from enforcing the ordinance. Therefore, Tichy's requested injunction is wholly dependent on her request for declaratory relief and the exceptional circumstances standard is inapplicable. Tichy's complaint remains within the realm of *Wilton-Brillhart*.

Under *Wilton-Brillhart*, lower federal courts "possess significant discretion to dismiss or stay claims seeking declaratory relief, even if the court has subject matter jurisdiction." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). This is because "[w]e live in a jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory." *Reiter v. Ill. Nat'l Cas. Co.*, 213 F.2d 946, 948 (7th Cir. 1954). That system of federalism requires adherence to the "spirit of reciprocal comity and mutual assistance to promote due and orderly procedure." *Id.* Though the Supreme Court maintains appellate jurisdiction, state courts have the "right to decide . . . whether an [a]ct of the [l]egislature . . . [is] in conflict with the Constitution of the United States." *Id.* But this does not require reflexive deference to state proceedings. Rather, federal courts determine whether to abstain and dismiss requests for declaratory relief based on "a circumspect sense of [the Court's] fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)). In this spirit, the *Wilton-Brillhart* abstention doctrine seeks to ensure wise judicial economy and administration, *id.* at 288, avoid forum shopping, *Reiter*, 213 F.2d at 949, and avoid gratuitous interference with the orderly

disposition of state court proceedings, *see Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014). With that said, "[t]he party requesting abstention bears the burden of demonstrating that abstention is warranted." *Neumann v. Carlson Envtl., Inc.*, 429 F. Supp. 2d 946, 954 (N.D. Ill. Apr. 20, 2006).

Several criteria exist to assist the Court in determining whether to abstain from hearing a request for declaratory relief. Because of the Court's substantial discretion, there is no set list of criteria that should be considered. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). However, some considerations are (1) whether the state and federal actions involve the same parties, (2) whether one forum has an "advantage in terms of time or earlier progress," (3) whether the litigation is governed by state or federal law, (4) the scope of the state litigation and whether the federal and state courts are litigating the same issues so that the state litigation is likely to dispose of all claims presented in federal court, and (5) whether the state court "is situated at least as well as [the federal court] to resolve the parties' dispute" or whether the federal litigation retains a useful purpose. *See id.* at 986-97; *State Auto. Mut. Ins. Co. v. Reed*, No. 1:06-cv-1616-DFH-WTL, 2008 WL 885881, at *8-9 (S.D. Ind. Mar. 28, 2008).

In this case, the parties are effectively the same as in the state court litigation. In state court, the plaintiff is the City of Indianapolis. In this Court, Tichy's adversary is the Chief of the Indianapolis Metropolitan Police Department, in his official capacity. The difference is inconsequential because the police department is the relevant division within the City of Indianapolis municipal government.

Next, Tichy's claims are governed by both state and federal law. If her claims were solely based on Indiana law, then that fact would weigh heavily toward abstention. *See State Auto. Mut. Ins. Co.*, 2008 WL 885881, at *9 (finding a lack of federal claims important because

9

of the dearth of federal interest in the case). On the other hand, if Tichy's claims were solely based on federal law, then the Court would be less likely to abstain because of the enhanced federal interest in the case.[3] But in the present case, Tichy's claims arise under both federal and state law, so the Court is not convinced that this criterion weighs measurably toward either abstention or retention.

Neither court has an advantage in time or progress over the other. Some of Tichy's citations under the ordinance occurred before the federal litigation was filed, and some occurred after. [Filing No. 26, at ECF p. 8.] If the state court proceeding was a single case that was further along than this proceeding, that fact would weigh heavily toward abstention. *See State Auto. Mut. Ins. Co.*, 2008 WL 885881, at *8 (weighing toward abstention the fact that the state court proceedings had progressed at least as far as the federal proceedings and trial in the state court was scheduled for an earlier date). But where, as here, the state court proceeding is a series of small cases at different stages of the litigation process, no time or progress advantage is clear.

The issues being litigated in this Court are remarkably similar to the arguments in state court. In the Marion Superior Court, Tichy argued that the ordinance violates both the Indiana Constitution and the First Amendment to the U.S. Constitution. [Filing No. 26-2.] Later, she added that the ordinance violates the Equal Protection Clause, the Fourth Amendment, and the Privileges and Immunities Clause. [Filing No. 26-5, at ECF p. 19-20.] Likewise, her complaint in this Court alleges the ordinance violates the same elements of the U.S. Constitution and the

---

[3] Tichy very briefly argues that *Wilton-Brillhart* abstention is not appropriate in cases arising under federal law. [Filing No. 27, at ECF p. 2-3.] This is incorrect. While the amount of federal interest is one criterion the Court may consider, it is not dispositive. *See Johnson v. Lopinot*, No. 09-cv-1009-JPG, 2010 WL 4595669 (S.D. Ill. Nov. 4, 2010) (abstaining under *Wilton-Brillhart* because the resolution of the state proceedings would fully resolve the federal case and not merely because of the existence of federal claims).

10

Indiana Constitution. [Filing No. 20, at ECF p. 5-6, ¶¶ 30-37.] This similarity weighs in favor of abstaining because the state and federal proceedings are significantly parallel. Still, the question of whether to abstain is broader than whether the state and federal actions are parallel. An important question is whether the federal litigation serves a "useful purpose" independent of the state litigation. *See Medical Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010).

The critical criterion in this case is whether the state court is better situated to resolve the parties' claims and defenses than this Court, or whether the federal litigation serves a useful purpose. While both courts could hear claims under the U.S. Constitution and the Indiana Constitution, the state court is in a much more authoritative position to interpret the Indiana Constitution, which it has done. In fact, the Marion Superior Court held in a January 2018 hearing that the ordinance violates the state's preemption doctrine [Filing No. 26-9, at ECF p. 18], which is an argument Tichy also makes to this Court.

Importantly, the state court seemingly implied that the January ruling was merely a defense to a charge under the ordinance and not a determination that Roach should stop enforcement. Specifically, the judge stated, "but obviously [this ruling] also impacts other panhandling cases that the City might potentially need to bring, although of course those arguments would have to be raised, uh, at the time appropriate for those cases." [Filing No. 26-9, at ECF p. 18.] Therefore, the state court proceedings do not seem destined to prevent panhandlers from being cited in the first place.

If Roach followed up this state decision by ceasing enforcement of the ordinance, then this Court would likely abstain because the state would have shown that it not only can resolve

Tichy's core complaint, but has in fact done so.[4] But this Court is compelled to take judicial notice of the fact that Roach continued to cite Tichy for violating the ordinance even though the Marion Superior Court ruled in the January hearing that it violates state preemption doctrine. *See City of Indianapolis v. Tichy*, No. 49D04-1803-OV-009558 (Ind. Super. Ct. Marion Cnty. 2018); *City of Indianapolis v. Tichy*, No. 49D04-1804-OV-014332 (Ind. Super. Ct. Marion Cnty. 2018); *see also 4601 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n.4 (7th Cir. 2010) (noting that district courts are permitted to take judicial notice of state court proceedings).[5] Given this, Roach falls short of meeting his burden to show that the state proceedings are better suited to resolve the issues at hand. Tichy's federal action still serves a useful purpose because the best route to resolution of her complaint may be for this Court to hear her arguments that the ordinance is unenforceable. Therefore, the Court declines to exercise its discretion to abstain.

**IV. Conclusion**

For these reasons, the Court has subject matter jurisdiction to hear Tichy's complaint and declines to exercise its discretion to abstain. Therefore, the Court denies Roach's motion to dismiss. [Filing No. 25.]

Date: 7/25/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.

---

[4] The Court takes no position regarding the merits of Tichy's claims. The Court only notes that the state proceedings have not dispensed with the utility of Tichy's federal action.

[5] The Court also notes that the Indianapolis Police Department's own website advertises that 431-702 is still enforced. Indianapolis Metropolitan Police Department, *Street Vending*, http://www.indy.gov/eGov/City/DPS/IMPD/Enforcement/Traffic/Pages/vending.aspx (last visited July 12, 2018).